UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

G&C CONSTRUCTION, LLC                                           CIVIL ACTION

VERSUS                                                                         NO. 11-2566

KIEWIT LOUISIANA CO.                                              SECTION "K"

## ORDER AND OPINION

Before the Court is defendant Kiewit Louisiana Co.'s ("Kiewit") motion to strike plaintiff G&C Construction, LLC's ("G&C") jury demand. Doc. 4. Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, GRANTS the motion.

I.    BACKGROUND

G&C entered into a material contract (hereinafter "the Contract") with Kiewit for the delivery of construction materials. Doc 4-3 at 7. The "Disputes" section of the Contract's "General Provisions" reads in pertinent part: "Seller [] agrees to waive any right to trial by jury in any dispute between Subcontractor and Seller." Doc 4-3 at 10.

G&C filed suit alleging Kiewit breached the Contract, and included in its complaint a demand for trial by jury. Doc. 1 at 6. Kiewit now moves strike the demand, and G&C argues that the waiver is invalid because it was not made knowingly and voluntarily. Doc. 8.

II.   LAW AND ANALYSIS

Although the Seventh Amendment guarantees the right to trial by jury, either party to a law suit may contractually waive that right provided the waiver is both knowing and voluntary. *See Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 848 (1986); *Rideau v. Parkem Indus. Servs., Inc.*, 917 F.2d 892, 896 (5th Cir. 1990); *Westside–Marrero Jeep Eagle, Inc. v.*

*Chrysler Corp.*, 56 F. Supp. 2d 694, 706 (E.D. La.1999). Waiver agreements "are neither illegal nor contrary to public policy." *Westside-Marrero*, 56 F. Supp. 2d at 706. To determine whether a party knowingly and voluntarily waived its right to a jury trial, the following factors must be considered: (1) whether the contract was negotiable, (2) the conspicuousness of the provision, (3) the relative bargaining power of the parties, (4) whether the waiving party was represented by counsel, and (5) the business acumen of the party opposing the waiver. *Id*. at 707; *see also Price v. Cushman & Wakefield, Inc.*, 808 F. Supp. 2d 670, 705 (S.D.N.Y. 2011); *Oglesbee v. IndyMac Financial Services, Inc.*, 675 F. Supp. 2d 1155, 1158 (S.D. Fla. 2009); *GE Commercial Finance Business Property Corp. v. Heard*, 621 F. Supp. 2d 1305, 1311 (M.D. Ga. 2009); *Cottman Transmission Systems v. McEneany*, 2007 WL 119956, at *2 (E.D. Pa. 2007) (unpublished); *Whirlpool Financial Corp. v. Sevaux*, 866 F. Supp. 1102, 1105 (N.D. Ill.1994). The Court consider each factor in turn.

    A.    *Negotiability*

The facts indicate the Contract was negotiable. G&C's representative, Tommy Cobb, made several hand-written changes to the terms. *See* Doc. 4-3 at 8-9. Additionally, Mr. Cobb's statement in his affidavit that "it was clear to [him] that the terms in the form were not negotiable" is undermined by his contrary assertions that he "would have objected to the one-sided nature of the clause" and "would have requested that the waiver be removed."[1] Doc. 8-

---

[1] Any argument that the waiver is invalid simply because Mr. Cobb failed to read it would likewise fail. "[E]xcept where there is evidence of fraud, misrepresentation, or deceit, one who signs a written contract is bound by its terms." *In re Cajun Elec. Power Co-op., Inc.*, 791 F.2d 353, 359 (5th Cir. 1986).

1. at 1-2. The latter remarks suggest Mr. Cobb felt empowered to negotiate the terms. This factor therefore favors enforcing the waiver.

  B. *Conspicuousness*

The second factor asks "whether the waiver clause was set forth in bold and conspicuous lettering, or whether instead it was buried deep" within the Contract. *Westside-Marrero*, 56 F. Supp. 2d at 708. The waiver provision, Section 10(c), did not appear in bold lettering or all caps. Nor was it contained its own section labeled "Waiver of Jury Trial" or located right above the signature block. *Cf id.* (finding a waiver conspicuous where it was located just above the signature line); *Oglesbee*, 675 F. Supp. 2d at 1158 (finding a waiver conspicuous where it was set off in its own paragraph labeled "Jury Trial Waiver"). However, at the same time, Section 10(c) was not camouflaged in any way. It appeared in the two-page "General Provisions" portion of the Contract under the heading "Disputes." Additionally, its font is the same style and size as the rest of the Contract. *See Pellerin Const., Inc. v. Witco Corp.*, 2001 WL 258056, at *2 (E.D. La. 2001) (unpublished) (finding a waiver conspicuous where, among other things, it was "printed in the same legible and standard-size type as all the other contractual provisions"). "In short, the clause appears just like every other one in the Contract, and neither distinguishes itself nor conceals itself when compared to the surrounding text." *Price*, 808 F. Supp. 2d at 705. On balance, this factor favors neither party.

  C. *Bargaining Power*

"To invalidate a waiver provision . . . the bargaining differential must be the kind of 'extreme bargaining disadvantage' or 'gross disparity in bargaining position' that occurs only in certain exceptional situations." *Westside-Marrero*, 56 F. Supp. 2d at 709. G&C is an

experienced contractor, and it does not contend that it was at an extreme bargaining disadvantage or that there was a gross bargaining disparity between its position and Kiewit's. This factor therefore favors enforcing the waiver.

### D. *Presence of Counsel*

G&C's counsel was not physically present during the transaction in question. However, this factor is not meant to benefit those who could have sought counsel but simply chose not to. *See Oglesbee*, 675 F. Supp. 2d at 1159 (ruling that this factor favored defendant where plaintiff made no effort to retain counsel). In any event, courts have acknowledged that the presence of counsel is less probative than the other factors. *See Westside-Marrero*, 56 F. Supp. 2d at 709 (determining that this factor lacked probative value where plaintiff was represented by counsel, but counsel never actually read the contract); *Pellerin*, 2001 WL 258056 at *2 (same). Furthermore, some courts do not consider it at all, though their list of factors is otherwise identical to this Court's. *See Price*, 808 F. Supp. 2d at 705 (considering negotiability, conspicuousness, bargaining power, and business acumen, but not the presence of counsel); *Heard*, 621 F. Supp. 2d at 1311 (same). Accordingly, this factor favors neither party.

### E. *Business Acumen*

Understanding the clear and unambiguous language of Section 10(c) requires no extraordinary level of sophistication. G&C does not contend that Mr. Cobb lacked the intelligence or business acumen to appreciate the significance of the waiver. In fact, Mr. Cobb admits in his affidavit that had he "focused on the purported waiver . . . [he] would have objected" to it. Doc. 8-1 at 2. This factor therefore favors enforcing the waiver.

In sum, the balance of the factors weighs against G&C and in favor of enforcing the waiver. G&C nevertheless argues that the waiver "should not be enforced because it is a blatantly one-sided provision." Doc. 8 at 3. But under these circumstances, one-sidedness does not factor into the equation. Where two businesses knowingly and voluntarily enter into an agreement, courts should not step in to strike terms simply because one party decides, in hindsight, it does not like them. To do so would be contrary to the strong public policy in favor of the freedom to contract.

G&C's final argument is that the Court should delay ruling on Kiewit's motion because it is "premature." However, the Court concludes that Kiewit's motion is timely and no additional discovery on this issue is required. To permit G&C to investigate further its own business acumen, for example, would be a waste of time and resources. Accordingly, the Court will enforce the Contract's waiver clause.

III.   CONCLUSION

For the foregoing reasons, defendant's motion is GRANTED

New Orleans, Louisiana, this 23rd day of February, 2012.

                                    _____
                                       STANWOOD R. DUVAL
                                    UNITED STATES DISTRICT JUDGE